SCRIBNER v. LONG ISLAND R. CO.

(Supreme Court, Appellate Term. May 19, 1904.)

1. CARRIERS OF PASSENGERS—FERRIES—INJURIES—MEANS OF LANDING.

The owners of a ferry were not guilty of negligence in the manner of providing for landing of passengers, where the means used had been employed by such company and by other ferries for years, and never found dangerous or ineffective.

2. SAME—COMPLAINT—AMENDMENT.

In an action for injuries received by a passenger at the landing of a ferry, it was error to permit an amendment alleging, for the first time, insufficient lighting as an act of negligence.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Helen Scribner against the Long Island Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Joseph F. Keany, for appellant.

Edwin C. Hamburg, for respondent.

SCOTT, J. Taking the view of the evidence most favorable to the plaintiff's contention, no negligence on the part of the defendant was shown. The defendant afforded to its passengers a safe means of passing from the boat to the mainland; one which had been used on this and other ferries for many years, and had never been found dangerous or ineffective.

The justice should not have allowed the amendment of the complaint alleging insufficient lighting as an act of negligence. It introduced what was substantially a new cause of action, and was evidently an afterthought. The plaintiff made but a feeble attempt to sustain this plea, and a verdict certainly could not have been predicated upon it, yet its introduction into the case may have affected the jury in reaching a verdict.

The motion to dismiss the complaint should have been granted, and the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.